Tagged for publication

ORDERED in the Southern District of Florida on 8/3/15



John K. Olson, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DON T. KOZICH,　　　　　　　　　　　　　　　　Case No. 15-17458-JKO
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

　　　　Debtor.

## ORDER DENYING DEBTOR'S MOTION FOR STAY [ECF 55]

This case came before the Court on July 21, 2015, on the Debtor's Verified Motion (the "Motion for Stay") [ECF 55] for Stay and Notice of Filing Verified Complaint of Judicial Misconduct or Disability with Clerk of the 11th Circuit Court of Appeals.

On June 8, 2015, Mr. Kozich filed a Motion for Disqualification (the "Motion for Disqualification") [ECF 52] seeking disqualification of this judge and vacation of an Order entered in 2009 in another case. The Debtor had sought this Court's disqualification for alleged *ex parte* communications between the Court's former law clerk and another litigant in an action brought in this Court by Mr. Kozich over six years ago styled *Kozich v. Cavallaro, et al.*, 406 B.R. 949 (Bankr.

S.D. Fla. 2009).

Mr. Kozich is a vexatious litigant appearing *pro se* in this, his fifth bankruptcy filing[1] in this Court. The history of his vexatious litigation in state court is discussed at length in *Kozich v. Cavallaro, supra,* and includes the 1998 order of the Circuit Court for Broward County which prohibited him "from henceforth representing himself in this Court in the Seventeenth Judicial Circuit in and for Broward County, Florida, *in propria persona* as a litigant." That Court and the Fourth District Court of Appeal have likewise found him in subsequent cases to be a vexatious litigant and have caused him to be included in the Florida Supreme Court's Vexatious Litigant Registry pursuant to *Fla. Stat.* § 68.093(6).

It was against that backdrop that this Court in 2009 prohibited Mr. Kozich from "filing any adversary proceeding or contested matter in the United States Bankruptcy Court for the Southern District of Florida on a *pro se* basis without prior approval from this court." *Kozich v. Cavallaro, supra,* 406 B.R. at 956.

The Court denied the Debtor's Motion for Disqualification[2] by Order (the "Order Denying Disqualification") [ECF 53] entered June 8, 2015. The Motion for Stay now before the Court was filed June 9, 2015, one day after entry of the Order Denying Disqualification.

In the Motion for Stay, Mr. Kozich advises that he has contemporaneously filed a verified

---

[1] See prior Case Nos. 99-21691-PGH; 09-10171-JKO; 13-23385-JKO; and 13-23912-RBR.

[2] On June 9, 2015, Mr. Kozich also filed a Supplemental Motion [ECF 54] seeking disqualification. The Court treated this pleading as a motion for reconsideration under Fed.R.Bankr.P. 9023, applying Fed.R.Civ.P. 59, and denied it for failing to present any new argument warranting relief under Rule 9023 by Order [ECF 110] entered July 10, 2015. ***No notice of appeal addressed to either Order [ECF 53, 110] was timely filed and the Orders denying disqualification are now final.***

2

complaint seeking a determination of judicial misconduct or disability with the Clerk of the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 351 *et seq.,* and asserts as follows:

> 2. It is a denial of the Debtor's constitutional right to due process and a fair hearing as well as being prejudicial to the Debtor for the Court to consider any motions during the pendency of the Debtor's Complaint for judicial misconduct before the 11th Circuit Court of Appeals.

At the hearing on the Motion for Stay on July 21, 2015, the Court took the Motion for Stay under advisement and did not conduct hearings on any of the other 10 motions, all filed by Mr. Kozich, which had been scheduled for hearing on that day.

Mr. Kozich cites to no case or other authority for the proposition that the filing of a complaint for judicial misconduct with the Court of Appeals entitles a complainant to a stay of further proceedings before the judge whose conduct is the subject of the complaint, and this Court has been unable to find any such authority. The absence of any authority for such a proposition very likely stems from the requirement set forth in 28 U.S.C. § 360(a) that "all papers, documents, and records of proceedings related to investigations conducted under this chapter shall be confidential and shall not be disclosed by any person in any proceeding". It appears that the very filing of the Motion for Stay violates the confidentiality requirements of § 360(a). This conclusion appears to be consistent with the provisions of Rule 23 of the Eleventh Circuit Judicial Conduct and Disability Rules, 11th Cir. JCDR (effective April 1, 2009) which broadly require confidentiality in such matters absent "extraordinary circumstances" in which disclosure of the existence of a proceeding is "necessary to maintain public confidence in the federal judiciary's ability to redress misconduct or disability." No such circumstances could conceivably exist in this case.

The Eleventh Circuit Judicial Conduct and Disability Rules, consistent with the Rules for

3

Judicial-Conduct and Judicial-Disability Proceedings (adopted March 11, 2008, by the Judicial Conference of the United States, effective April 10, 2008), contain no provision which requires or even contemplates the suspension or stay of judicial proceedings by a judge whose conduct is the subject of a complaint under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364. This conclusion – that the filing of a confidential judicial misconduct complaint does not require the judge who is the subject of the complaint to stop work on the case – makes complete sense from a public policy standpoint and is consistent with disqualification standards under 28 U.S.C. § 455(a).

Parties and their lawyers sometimes behave in ways that predictably engender a judge's animus, but such behavior does not trigger the need for disqualification under § 455(a). To hold otherwise would be to create an opportunity for parties to exhibit hostile behavior strategically, as a means to force disqualification. Upholding a refusal to disqualify where the litigant had verbally attacked the judge in public, the First Circuit said that "[a] party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against [her]." *FDIC v. Sweeney*, 136 F.3d 216, 219 (1st Cir. 1998). Indeed, where a party argued that the judge's ongoing hostility toward him required disqualification, the Third Circuit held that the party's own public hostility toward the judge counseled *against* disqualification "lest we encourage tactics designed to force recusal." *United States v. Bertoli*, 40 F.3d 1384, 1414 (3d Cir. 1994).

Just so in this context: just as a party cannot force disqualification by attacking a judge and then claiming that the attacks must have caused the judge to become biased, neither can the filing of a confidential judicial misconduct complaint force the judge to stop acting in the case.

Mr. Kozich has a long history as a vexatious litigant in this Court and in the Florida state

4

courts. The Motion for Stay is simply another manifestation of his vexatious conduct. The Motion for Stay [ECF 55] is without merit and it is hereby **DENIED.**

###

Copies To: All parties in interest.